**FILED**

IN THE UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

JUN 0 7 2018

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 17-2955-WJ |
| | ) | |
| ROBERT REAL, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, ROBERT REAL, and the Defendant's counsel, Jason Bowles, Esq.:

### REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

a.      to plead not guilty, or having already so pleaded, to persist in that plea;

b.      to have a trial by jury; and

c.      at a trial:

i.      to confront and cross-examine adverse witnesses,

ii.      to be protected from compelled self-incrimination,

    iii.     to testify and present evidence on the Defendant's own behalf, and

    iv.     to compel the attendance of witnesses for the defense.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The Defendant agrees to waive these rights and to plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 371, that being Conspiracy, Counts 2 and 6 of the indictment, charging violations of 18 U.S.S. § 922(b)(2), that being Sale of a Firearm to a Felon, Count 3 of the indictment, charging a violation of 18 U.S.C. § 922(b)(1), that being Sale of a Firearm Other Than a Rifle or Shotgun to a Person Under 21 Years of Age, Counts 4 and 8 of the indictment, charging violations of 18 U.S.C. § 922(m), that being Falsification of Required Firearm Transfer Records, and Count 7 of the indictment, charging a violation of 18 U.S.C. § 1001, that being Material False Statements to Federal Law Enforcement Agents.

### SENTENCING

4.     The Defendant understands that the maximum penalty provided by law for Counts 1, 2, 3, 6, and 7 is:

    a.     imprisonment for a period of not more than five (5) years;

    b.     a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c.     a term of supervised release of not more than three (3) years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

     d.     a mandatory special penalty assessment of $100.00; and

     e.     restitution as may be ordered by the Court.

5.     The Defendant understands that the maximum penalty provided by law for Counts 4 and 8 is:

     a.     imprisonment for a period of not more than one (1) year;

     b.     a fine not to exceed the greater of $100,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

     c.     a term of supervised release of not more than one (1) year to follow any term of imprisonment, or up to five (5) years of probation if no term of imprisonment is imposed at sentencing.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

     d.     a mandatory special penalty assessment of $100.00; and

     e.     restitution as may be ordered by the Court.

6.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

7.     If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 371 , that being Conspiracy:

    *First*:        Defendant agreed with at least one other person to violate the law;

    *Second*:    One of the conspirators engaged in at least one overt act furthering the conspiracy's goals;

    *Third*:     Defendant knew the essential objective(s) of the conspiracy;

    *Fourth*:   Defendant knowingly and voluntarily participated;

    *Fifth*:     There was interdependence among the members of the conspiracy.

Counts 2 and 6: 18 U.S.C. § 922(b)(2) , that being Sale of a Firearm to a Felon:

    *First*:        Defendant, being a licensed dealer;

    *Second*:    Sold or delivered a firearm;

    *Third*:     To any person in a state where the purchase or possession by such person of such firearm would be in violation of any state law or any published ordinance applicable at the place of sale or delivery.

Count 3: 18 U.S.C. § 922(b)(1) , that being Sale of a Firearm Other Than Rifle or Shotgun to a Person Under 21 Years of Age:

    *First*:        Defendant, being a licensed dealer;

    *Second*:    Sold or delivered a firearm other than a rifle or shotgun;

    *Third*:     To a person the licensee knew or should have known was less than 21 years of age.

Counts 4 and 8: 18 U.S.C. § 922(m) , that being Falsification of Required Firearm Transfer Records:

    *First*:        Defendant, being a licensed dealer;

    *Second*:    Knowingly made a false entry, failed to make an appropriate entry, or failed properly to maintain any record he is required to keep pursuant to 18 U.S.C. § 923.

<u>Count 7: 18 U.S.C. § 1001 , that being Material False Statement to Federal Law Enforcement Agents:</u>

*First*:        Defendant made a false statement to the government;

*Second*:        Defendant made a statement knowing it was false;

*Third*:        Defendant made the statement willfully;

*Fourth*:        The statement was made in a matter within the jurisdiction of the executive branch of the United States government;

*Fifth*:        The statement was material, which is to say it had the potential to influence a decision of the United States government.

## **DEFENDANT'S ADMISSION OF FACTS**

8.        By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

I, ROBERT REAL, am federally licensed as a firearms dealer by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").   I am licensed to do business under the business name Shooter's Outpost, under license number 5-85-35024, with a business address of 25A Gun Barrel Road, Espanola, New Mexico.   In the years preceeding this indictment, I learned and knew the legal and administrative requirements imposed on federal firearms dealers by the laws of the United States and the ATF.

Between on or about March 12, 2016 and February 24, 2017, I took several actions at my office in Espanola and at gun shows around New Mexico designed to ignore or avoid legal or administrative restrictions placed on federally licensed firearm dealers so that I could make more money.   I took those actions voluntarily, knowing they created a risk that firearms would be transferred to felons.   When I took those actions, I directed others in how to assist my plan, such as co-defendants LINDA REAL and CRYSTAL JOHNSON, but I withheld important information from those other people that could have helped the other person understand that what I was asking them to assist in was illegal.

On or about March 12, 2016, at the High Desert Gun Show in Silver City, New Mexico, I sold a Phoenix Arms Model HP22A .22 caliber semiautomatic pistol to a person whose initials are M.H.D., even though when I performed the ATF background check, the ATF did not authorize that transfer.   M.H.D. was a felon.   When I made that sale, along with co-defendant LINDA REAL, I did not tell LINDA REAL the results of the background check that would have allowed her to know that we should not have proceeded with the sale.

On or about June 4, 2016, in Albuquerque, I transferred a Spikes Spartan lower receiver, which is a firearm under federal law but is neither a shotgun nor a completed rifle, to S.R.N., a person under 21 years of age at the time.

On or about November 20, 2016, also in New Mexico, I sold an SKS rifle to E.T., ignoring the "Delay" instruction I received from the ATF, and then altered or caused LINDA REAL to alter the ATF Form 4473 to make the form falsely show that I had completed the transfer on November 25, 2016.

On or about November 23, 2016, I directed co-defendant CRYSTAL JOHNSON to deliver a firearm to someone by car, because that person would not agree to complete the sale if they had to drive to my store in Espanola.   I concealed from CRYSTAL JOHNSON that a licensed firearms dealer should not deliver firearms to people by car.

On or about January 28, 2017, in Carlsbad at a gun show, I sold a Cobra Model FS380 .380 caliber pistol to R.M.S., ignoring the ATF instruction not to complete the transfer right away.   It turns out R.M.S. was a felon.   In completing this transaction, I did not inform co-defendant LINDA REAL that the ATF had instructed us not to proceed with the sale – so while LINDA REAL completed the sale with me, only I knew that we should not have been proceeding with the sale.

On or about February 24, 2017, in Santa Fe, I met with agents from the ATF and made materially false statements to them about my firearms transactions – specifically, I said that R.M.S. had driven to Espanola to complete her firearms transaction, as if following the proper protocols for a "Delay" result from the ATF, when actually I sold the .380 pistol to R.M.S. at the Carlsbad gun show in spite of the "Delay" instruction from the ATF informing me that I should not have completed the sale right away.   Also, before that meeting with ATF agents, I altered or caused LINDA REAL to alter the ATF Form 4473 for the R.M.S. sale of the .380 caliber pistol to state falsely that the sale had taken place on February 2, 2017 at my store in Espanola.

9.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to

determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10.     Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

    a.     The parties recommend pursuant to Fed. R. Crim. P. 11(c)(1)(B) that the defendant receive a role increase of 2 levels as the Organizer/Leader/Manager of co-defendants LINDA REAL and CRYSTAL JOHNSON in the offense conduct described in the inndictment under USSG § 3B1.2.

    b.     As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).

    c.     The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an

8

advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

11.     Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

12.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

13.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be

admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.   Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16.     No later than one week after Defendant changes his plea to Guilty, Defendant promises that he will withdraw his request for an administrative hearing with the ATF regarding his dealer license, and will not further contest the violations alleged in the August 22, 2017 ATF Notice to Revoke License, Form 4500, issued to Robert Lee Real d/b/a Shooter's Outpost (FFL License # 5-85-039-01-9H-35024).

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

17.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty.   Removal and other immigration

consequences are the subject of a separate proceeding, however, and the Defendant understands

that no one, including the Defendant's attorney or the district court, can predict to a certainty the

effect of the Defendant's conviction on the Defendant's immigration status.   The Defendant

nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration

consequences that the Defendant's plea may entail, even if the consequence is the Defendant's

automatic removal from the United States.

### WAIVER OF APPEAL RIGHTS

18.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a

defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the

Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence

and fine within or below the applicable advisory guideline range as determined by the Court.

The Defendant specifically agrees not to appeal the Court's resolution of any contested

sentencing factor in determining the advisory sentencing guideline range.   In other words, the

Defendant waives the right to appeal both the Defendant's conviction(s) and the right to appeal

any sentence imposed in this case except to appeal the Defendant's sentence to the extent, if any,

that the Court may depart or vary upward from the advisory sentencing guideline range as

determined by the Court.   In addition, the Defendant agrees to waive any collateral attack to the

Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241

or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective

assistance.

### GOVERNMENT'S ADDITIONAL AGREEMENT

19.     Provided that the Defendant fulfills the Defendant's obligations as set out above,

the United States agrees that:

11

a.      Following Defendant signing this agreement and admitting under oath all the

facts set forth above, United States will move to dismiss the charges pending

in this case against co-defendant CRYSTAL JOHNSON.

b.      The United States will not bring additional criminal charges against the

Defendant arising out of the facts forming the basis of the present indictment.

20.     This agreement is limited to the United States Attorney's Office for the District of

New Mexico and does not bind any other federal, state, or local agencies or prosecuting

authorities.

## VOLUNTARY PLEA

21.     The Defendant agrees and represents that this plea of guilty is freely and

voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda).   There have been no promises from anyone as to what

sentence the Court will impose.   The Defendant also represents that the Defendant is pleading

guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

22.     The Defendant agrees that if the Defendant violates any provision of this

agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any

crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this

prosecution.

## SPECIAL ASSESSMENT

23.     At the time of sentencing, the Defendant will tender to the United States District

Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District**

**Court** in the amount of $700 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

24.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.   This agreement

is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _____ day of _____, 2018.

JOHN C. ANDERSON
United States Attorney

_____

PAUL J. MYSLIWIEC
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client.   Further, I have
fully advised my client of my client's rights, of possible defenses, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.   In addition, I have explained to my client the
elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

_____

Jason Bowles, Esq.
Attorney for the Defendant

13

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

ROBERT REAL
Defendant